08-4173-cv
Vaughn v. Air Line Pilots Association

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of May, two thousand and ten.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             DEBRA ANN LIVINGSTON,
                        Circuit Judges.

_____

Jerry L. Vaughn, John Anderton, Stephen Lee Avery, John R. Baganz, David W. Baughman, John Beglin, David D. Bentley, Gregory B. Blair, Bryan F. Bogdan, Richard E. Bowden, Robert D. Boyd, Terry E. Brock, Tim R. Bronson, Jordan Brown, Margaret Bruce, Mark F. Butler, Jerry E. Callahan, Gene Carswell, Carl C. Chappell, Bruce B. Clark, Daryl Ray Click, Terry Lee Collette, Robert Converse, Robert D. Coons, Marshall P. Copeland, Jack R. Cosper, Mitchell Cowan, James Richard Cunningham, Michael R. Davis, Gerard M.J. Donovan, Robert W. Dowgialo, Todd Michael Edwards, James Eng, Gerard P. Fenzel, Thomas Carter Fitzpatrick, James Clyde, Paul R. Flood, Fred Freshwater, Ronald J. Gabor, Michael S. Galbraith, Michael W. Gillis, Ronald H. Gordan, Ronald F. Gorr, Richard T. Graves, James Grizzard, Donald Gunter, Robert Hale, Boyd Hunt Harris Jr., Jeffrey Charles, Hathorn, Gary M. Henderson Sr., Michael J. Hinchliffe, Dale A. Hopta, Gary K. Huss, Robert Inscoe, David H. Jacobson, David Johnson, Dennis R. Johnson, Gale Denning Johnson Jr., Walter Johnston, Sigurdur V. Kristjansson, Ira Josephson, Richard A. Kertz, Richard W. Krishock, George T. Kuhn, Philip S. Laudenslager, Robert Lee, Edward J. Leviker, Richard K. Libby, Daniel C. Littlefield, Richard Lytle, Larry L. Martin, Sidney G. Matlock, Larry D. McCarroll, Stanley W. McKee, Woody Menear, Arthur H. Middleton, William Mio, Gary Malloy, Roger L. Moore, Cindy Munn, Michael Mychalishyn, Robert B. Nairn, James R. Nash, George Neely, Jim Newark, David Ordorica, Andrew S. Orochena, Richard T. Osborne, Carlisle C. Owen, Tom N. Park Jr., William W. Patterson, Irwin Pentland, William Puckett, David Reno, Shaul Ringler, John G. Ross, John V. Sabel, Kenneth Sager, Donald Sammons, Ron Schilling, F. Theodore Schott III, Richard Scoskie, James E. Sharkey, Russell J. Shaw, Larry E. Shuck, Albert B. Smith, Doug A.

Stansbury, Robert R. Starr, Chesley B. Sullenberger III, Paul M. Summerville, Richard H. Tabler, Randall H. Tomb, Tom Trebby, Daniel James Von Bargen, Steve Wadecki, James Raymond Wagner, James N Walther, Darrell W. Ward, Leonard Ware, Jerry Wayne, Floyd Bertram Wells, Robert W. Williams and Michael Wade Wright,

Plaintiffs-Appellants,

-v-                                                                                        No. 08-4173-cv

Air Line Pilots Association, International, Duane E. Woerth, as President of Air Line Pilots Association, International, William Pollock, Michael D'Angelo, Tom Simmons, Dan Scola, Lyle Newman, Don Baier, Paul Hocking, Ray Belz, Bruce Limpitlaw, Doug Mowery, Michael Tosi, Tim Baker, Richard Moseley, Kim Snider, John Brookman, US Airways, Group, Inc., and US Airways, Inc.,

Defendants-Appellees,

Retirement Systems of Alabama and Retirement Systems of Alabama Holdings, LLC.,

Defendants.

---

For Appellant:      TODD E. DUFFY (James E. Atkins, Dennis J. Nolan, on the brief), Duffy & Atkins LLP, New York, NY


For Appellee:       JAMES L. LINSEY (Eyad Asad, Clay Warner, on the brief) Cohen, Weiss and Simon LLP, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Townes, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court dismissing appellants' Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., claims is **AFFIRMED**.

Plaintiffs-appellants, over 100 US Airways, Inc. ("US Airways") pilots, over or approaching the age of sixty, appeal from a July 24, 2008 Memorandum and Order of District Court Judge Sandra Townes of the Eastern District of New York dismissing their Fourth Amended Complaint against defendant-appellees, the Air Line Pilots Association, International ("ALPA") and Duane Woerth, in his official capacity as the former president of ALPA. Vaughn v. Air Line Pilots Ass'n, Int'l, 395 B.R. 520 (Bankr. E.D.N.Y. 2008). In this summary order, we address only plaintiffs' RICO claims, alleged in count VIII of the complaint.

We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review, which are also summarized in the opinion issued simultaneously with this order.

2

We review de novo a district court's decision to grant a motion for judgment on the pleadings pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Desiano v. Warner-Lambert & Co., 467 F.3d 85, 89 (2d Cir. 2006). To survive a motion to dismiss, a complaint must set out only enough facts to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation marks omitted).

To succeed on a RICO claim under 18 U.S.C. § 1962(c), plaintiffs must allege facts that show that ALPA was engaged in the "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985); see also First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 173 (2d Cir. 2004). Further, under 18 U.S.C. §1961(5), plaintiffs must show that ALPA engaged in at least two predicate acts of racketeering activity. See Sedima, 473 U.S. at 496 n.14; Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 183 (2d Cir. 2008).

Apart from its appeal of the fair representation claims, plaintiffs appeal only the dismissal of those portions of the complaint alleging that ALPA committed racketeering acts premised on fraud – wire fraud, mail fraud and fraud in connection with a bankruptcy proceeding. For predicate acts premised on fraud, scienter is an essential element that need not be specifically alleged to satisfy Rule 9(b). See Powers v. British Vita, 57 F.3d 176, 184 (2d Cir. 1995) ("Federal Rule of Civil Procedure 9(b) permits plaintiffs to allege fraudulent intent generally while the circumstances amounting to fraud must be averred 'with particularity.'"). However, "the relaxation of Rule 9(b)'s specificity requirement for scienter must not be mistaken for [a] license to base claims of fraud on speculation and conclusory allegations," Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994) (quotation marks and citations omitted), and a plaintiff must still "allege facts that give rise to a strong inference of fraudulent intent." Id. A plaintiff's allegations can give rise to a strong inference of fraudulent intent in two ways. First, the plaintiff may allege "a motive for committing fraud and a clear opportunity for doing so." Powers, 57 F.3d at 184 (quotations marks and citation omitted). Second, where no motive is apparent, the plaintiff may plead scienter by "identifying circumstances indicating conscious behavior by the defendant, though the strength of circumstantial allegations must be correspondingly greater." Id. (quotation marks omitted).

Plaintiffs argue that the district court erred in concluding that they failed to establish a "strong inference" of fraudulent intent, because:

The [complaint] does so by alleging that ALPA stood to gain substantial fees upon termination of the DB Plan by managing the funds in the follow-on DC Plan and thus had a motive to commit fraud. The [complaint] also identified circumstances indicating Appellees' conscious behavior, including (1) ALPA's secret negotiations to terminate the DB Plan; (2) ALPA's failure to timely audit the DB Plan; and (3) ALPA's failure to permit the members to ratify termination of the DB Plan [despite promising to do so].

3

Pls.' Br. at 15. We cannot conclude that plaintiffs have provided a sufficient basis upon which to infer that ALPA had a motive for committing fraud and a clear opportunity to do so. In a nutshell, plaintiffs allege, based on the above claims, that ALPA conspired with US Airways to "exact hundreds of millions of dollars a year in pilot concessions – for each of several years," thus "decimat[ing]" pension benefits so that ALPA could receive management fees under the DC Plan and US Airways could terminate the DB Plan. We cannot draw the requisite "strong inference" of fraudulent intent based on these allegations because: (1) the complaint does not allege that the fees were of such proportion to the amounts frittered away so as to make it plausible that ALPA would engage in the alleged scheme; and (2) ALPA is legally permitted to receive fees for a service. See Rombach v. Chang, 355 F.3d 164, 177 (2d Cir. 2004). In addition, the alleged circumstances of conscious behavior are insufficient to raise the strong inference of fraudulent intent for the same reasons those allegations fail to support plaintiffs' duty of fair representation claims. See Vaughn v. Air Line Pilots Association, -- F.3d -- , No. 08-4173-cv (2d Cir. **[Date]**, 2010). Having determined that plaintiffs failed to establish this element of their RICO claim, we need not address their argument that they alleged a conspiracy to violate RICO under 18 U.S.C. § 1962(d).

Accordingly, the judgment of the district court dismissing plaintiffs' RICO claims is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk